[No. 10936.   Department One.   July 10, 1913.]

I. S. TROVIK, *Appellant*, v. GRANT SMITH & COMPANY, *Respondent*.[1]

RELEASE—FRAUD—EVIDENCE—DEFENSE.  An admitted written release, in consideration of $150, is a complete defense to an action for damages where there was no proof of fraud, undue influence or want of understanding; and the court is warranted in directing a verdict for defendant.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered December 4, 1912, upon the verdict of a jury rendered in favor of the defendants by direction of the court, in an action for damages. Affirmed.

*Carl J. Smith* and *John E. Humphries*, for appellant.

*Preston & Thorgrimson* and *Sanford C. Rose*, for respondents.

PARKER, J.—The plaintiff seeks recovery of damages from the defendants, claimed to have resulted to him from their negligence. At the close of all of the evidence introduced

[1]Reported in 133 Pac. 454.

upon the trial in the superior court, counsel for the defendants moved the court for a directed verdict in their favor, which motion was granted, when a verdict was rendered by the jury accordingly. Thereupon judgment of dismissal upon the merits was entered. From this disposition of the cause, the plaintiff has appealed.

Among other defenses made by respondents, they alleged that, by way of compromise of appellant's claim for damages, but not admitting liability thereon, they paid to him the sum of $150 in full satisfaction thereof, and that thereupon appellant executed and delivered to them a written release acknowledging the receipt of that sum in full satisfaction of his claim. The trial court evidently granted the motion for directed verdict upon the ground, among others, that the compromise and satisfaction was made and executed by appellant as alleged by respondents. That appellant accepted the $150 and executed the written satisfaction of his claim is not only proven beyond controversy, but is admitted by appellant in his own testimony. Without noticing in detail the evidence touching the circumstances attending the receipt of this sum and the execution of the written satisfaction by appellant, we deem it sufficient to say that it wholly fails to show any undue influence or fraud on the part of respondents, or want of understanding on the part of appellant, attending the compromise and execution of the written satisfaction by appellant, as claimed by him. The learned trial court was clearly warranted in taking the case from the jury upon this ground. This renders it unnecessary to notice other contentions made by counsel.

The judgment is affirmed.

CHADWICK, GOSE, and MOUNT, JJ., concur.